GOODWIN v. GOODWIN, *Plaintiff in Error.*

69  617
62a 118

1. **A Trustee's Possession not Adverse to Beneficiary.** The possession of a trustee will not be deemed adverse as against his *cestui que trust*, unless there has been an open disavowal of the trust fully and unequivocally made known to the beneficiary. The application by the trustee of the whole income of the trust property to his own use for a period of twelve years, does not, it seems, amount to such disavowal.

2. **Partition: TRUST.** A suit to compel a trustee to sell real estate and divide the proceeds, as directed by a will, is not a suit in partition, but a proceeding in equity to enforce a trust.

3. **Parties to suit to Enforce a Trust: PLEADING.** By the terms of a will the rents of certain real estate devised to a trustee were to be divided between certain persons named until the property should be sold, when the proceeds of the sale were to be divided among these and several other persons. In a suit brought to compel the trustee to account for rents collected and not paid over, to secure the removal of the trustee and the appointment of a successor, and to have the trust property sold and the proceeds divided; *Held*, that all the beneficiaries under the will were proper parties, notwithstanding that some of them had no interest in part of the relief sought, viz: the accounting for rents collected; *Held*, further, that a petition seeking such relief was not multifarious as to the latter class of plaintiffs.

4. **Will Construed.** A testatrix directed, by her will, that her debts should be paid out of the first moneys that might come to hand either from the rent of her house or from other sources. She then

devised her house to her son as trustee, directing that he should be the legal owner of it for fifteen years from and after her death; that he should have exclusive control and management of it, receive any moneys that might be in the hands of her administrator upon final settlement of her estate, receive the rents of the house, and after paying taxes, insurance and other expenses, should divide the remainder annually among certain named persons, and, at the expiration of the fifteen years, should sell the house and divide the proceeds among these and certain other persons. The rents for three years after the death of the testatrix having been taken to pay her debts, it was insisted that the trustee was entitled to hold for three years beyond the lapse of fifteen years from the death of the testatrix. *Held, contra,* that that was not the meaning of the will.

*Error to Cole Circuit Court.*—Hon. G. W. Miller, Judge.

*A. M. Lay* and *G. T. White* for plaintiff in error.

*Botsford & Williams* for defendants in error.

Norton, J.—This is a proceeding in equity to enforce the provisions of a trust created by the will of Margaret Goodwin. The testatrix died on the 25th day of January, 1861, leaving a will, the following provisions of which have given rise to the present controversy: First, After my death I direct all my debts and funeral expenses to be paid out of the first moneys that may come to hand, either from rent of house or debts collected from sale of personal estate. Sixth, I hereby devise to George T. White, in trust, my house and lot in the City of Jefferson, in which I now live, on High street, numbered 470, I believe, for the following purposes and no others, that is to say: The said trustee is to be legal owner of said property for fifteen years from and after my death; is not to be required to give security, and in case of his failure to take upon himself the trust, resignation, death or removal from the county, the county court of Cole county is hereby empowered to appoint a successor with similar rights and authority that the original trustee may possess. The said trustee is to have exclusive control and management of said real estate, receive any moneys

that may be in the hands of my administrator after my estate is finally settled, also receive the rents, all to be applied in the manner hereinafter mentioned. After first paying all taxes that may become due on the lot and house mentioned, have the same insured, pay the insurance annually, or whenever required by the insurance office, and make and pay for all necessary repairs; and after all incidental expenses are paid, once in every year, pay out the balance remaining in his hands in manner as follows: To the children of John N. Goodwin, one-third of said amount; to Willis C. and Alice J. Boyer, the children, (or the survivor of them,) of Rachel Boyer, one-third of said sums; to Jonathan H. Goodwin, one-third of said sums. If at any time said trustee shall suggest to the county court, and said court shall become satisfied that guardians should be appointed to receive said moneys, for any of said children, the court is hereby authorized to appoint a guardian, or guardians, for any or all of them, to the end that all moneys so paid shall be strictly applied to the maintenance and education of said children, and not to be applied to any other purpose or to the use of any other person or persons. At the expiration of said term of fifteen years, my said trustee is hereby empowered to sell said real estate (and not sooner) at either public or private sale, and divide equally the proceeds of said sale, after deducting expenses, as follows: To the children of my son, John N. Goodwin, then living, one-sixth; to Willis C. and Alice J. Boyer, the children of Rachel Boyer, one-sixth; if they, or neither of them be living, then to their mother; to my daughter, Jane Carter, or to the heirs of her body, one-sixth; to Jonathan H. Goodwin, one-sixth; to Peter Wonderly and Sarah Wonderly, one-sixth; to Oliver T. Goodwin, one-sixth.

She left also a codicil, as follows: My son John has received the bed that I intended for him, and as it is uncertain whether or not it would do his children any real good to receive the share of rents provided in the forego-

ing will, I leave it to the discretion of my son, Jonathan H. Goodwin, and direct him to pay the proportion mentioned for their schooling, if he consider it to be to their advantage to do so. I also revoke the appointment of George T. White as trustee, and appoint the said Jonathan H. in his place, with the same powers and duties that the said first named trustee was to possess.

The plaintiffs, who are beneficiaries and devisees, substantially allege, in the petition, the non-compliance of Goodwin, the trustee named in the will, with its conditions; his appropriation of the entire proceeds of the rent of the property devised to his own use; that he was insolvent, and that fifteen years had elapsed since the death of testatrix, and prayed that said trustee be compelled to account; that he be removed from his trust; that a new trustee be appointed, with directions to proceed and execute the trust by a sale of the lot in question as required by the will, and that the court distribute the proceeds.

The answer of the defendant, after admitting the will and its probate, sets up, that under it he was entitled to the property and its proceeds for the full term of fifteen years; that the testatrix died leaving debts amounting to about $700, without leaving any personal property to pay them, and that said real estate was taken possession of by the administrator, and the rents thereof, for about three years, applied to the payment of said debts and expenses of administration, whereby he was deprived for about three years of any participation in the profits arising therefrom, and denies that plaintiffs have the right to maintain their action, or that the court can render judgment in favor of part of plaintiffs for the rent by him received after the property was turned over to him by the administrator. The answer also alleges that defendant's possession was adverse. Upon a trial of the cause, the court rendered a decree in conformity with the prayer of the petition, from which the defendant has prosecuted his writ of error.

The point made by counsel, and relied upon for a re-

versal of the judgment, is, that the defendant held the property adversely. It is insisted that the property in question was held adversely to all the other parties by defendant, and that, therefore, the question as to whether the fifteen years during which he was the legal owner had expired or not, could not be determined except by an action in ejectment, and until that question had been thus determined, the present proceeding, which they insist is in the nature of a partition proceeding, cannot be maintained  If true, as argued, that defendant's possession was adverse, and that the present action is a partition proceeding, the legal consequences flowing therefrom would be as counsel contend.  But we have been unable to perceive anything in the evidence that justifies the assumption that defendant's possession was adverse.  It was by virtue of the will, and under it that defendant took control of the property, rented it out and received the rent from 1864 up to the time of the institution of the suit, and there is not a particle of evidence tending to show that he rented the house in any other way than under the power conferred in the will.  While defendant, in his answer, asserts that his possession was adverse, he still claims his right thereto under the will.  His possession was that of a trustee, and there is nothing showing that he, at any time, repudiated the trust.  Unless there was open disavowal of the trust, fully and unequivocally made known to the beneficiary, there could be no adverse possession as between trustee and *cestui que trust*.  Hill on Trustees, 264 ; *Oliver v. Piatt*, 3 How. 411 ; Perry on Trusts, § 863.

*1. A TRUSTEE'S POSSESSION NOT ADVERSE TO BENEFICIARY.*

The present proceeding is in no sense a suit in partition, but an effort to enforce, through a court of chancery, the execution of trusts which defendant has failed to execute and perform.

*2. PARTITION: trust.*

It is also objected that there is a misjoinder of parties and that the bill is multifarious.  Neither of these objec-

3. PARTIES TO SUIT TO ENFORCE A TRUST: pleading. tions is well taken. This suit is instituted by beneficiaries under a will, in pursuit of a fund in the hands of defendant. While a part of plaintiffs, as devisees, are seeking to recover a fund in the hands of defendant, as trustee under the will, in which the co-plaintiffs have no part, still all of them have a common interest in the performance of the trust and the distribution of the trust fund, which the chancellor is asked to enforce. " The general doctrine of equity is that, in such a suit, all the distributees, as well as residuary legatees, must be made parties to avoid multiplicity of suits." *Dillon's Admr. v. Bates, Trustee,* 39 Mo. 292.

It is also claimed, by counsel, that it was the intention of the testatrix that defendant should, in conjunction with 4. WILL CONSTRUED the children of John N. Goodwin and the children of Rachel Boyer, have the proceeds of rent for fifteen years, and that, inasmuch as the rental for three years after the death of the testatrix, had been applied, by the administrator, to the payment of her debts, the decree of the court was erroneous in determining that, under the will, the property was to be sold in fifteen years after the death of Mrs. Goodwin. Considering the first and sixth clauses of the will in connection, we think it clear that it was the intention of the testatrix that her debts should be paid out of the rents of the property devised, before the trustee could assert a claim to them. In the first clause she expressly provides that her debts and funeral expenses are to be paid out of the first money that may come to hand, either from rent of house or debts collected from sale of personal property. The evidence shows that there was no personal property; hence, under the terms of the will, the rents of the house were first to be applied to the payment of debts, before defendant could derive any benefit from the devise under the sixth clause of the will.

It was clearly shown, on the trial, that defendant had received the sum of $2,893.66 as the net rents and profits of the real estate, that he had paid no part thereof to the

beneficiaries, whose interests had been confided to him, but had converted and appropriated the whole of said amount to his own use, and that he was insolvent. Under this evidence the court was fully justified in holding him to account for that portion of said sums, which, by the provisions of the will, belonged to others, in removing him as trustee, and appointing a new trustee to execute the trust. Judgment affirmed, in which all concur.

AFFIRMED.