Wombles v. Young.

---

F. H. WOMBLES *et al.*, Appellants, v. WILLIAM R. YOUNG, Administrator of the Estate of ELIZABETH WOMBLES, Respondent.

St. Louis Court of Appeals, April 23, 1895.

Trusts: ENFORCEMENT OF CLAIMS OF BENEFICIARIES IN PROBATE COURT. A decedent bequeathed his entire estate to his widow for life, and on her death, which occurred forty-four years after his own, to his living children. The widow was also entitled absolutely to certain interests in the estate; and, while held by her, the estate underwent trans-

formations by reason of investments and sales, and parts of it were distributed among the children. Some of the children survived her; others did not, but left issue surviving her. *Held*, that the claims of the surviving children to the entire estate as the sole remaindermen could not be enforced by the presentation of a demand for allowance against her estate in the probate court, and that the trust could be administered only in a court of equity.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Norton & Avery* for appellants.

*Charles Martin* and *Geo. T. Dunn* for respondent.

The probate court has no jurisdiction to declare or find from the facts that Mrs. Wombles became a trustee in the conversion of this property to her own use, nor to follow the property through the many transformations during a period of forty or fifty years. *Butler v. Lawson*, 72 Mo. 227; *Church v. McElhenny*, 61 Mo. 543; *Church v. Roberson*, 71 Mo. 326; *Scudder v. Ames*, 89 Mo. 496, 521. Nor has it jurisdiction to take an account of the trust fund. *Ford v. Talmage*, 36 Mo. App. 65; *Roberts v. Bartlett*, 26 Mo. App. 611, 667.

ROMBAUER, P. J.—James Wombles made his will in 1845, and died in 1848, when his will was probated. By this will he gave all his personal property to his wife, Elizabeth, to hold the same during her life or widowhood, and, at her death, to be sold and the proceeds to be equally divided among all his living children. The guardianship of the children was committed to the widow. No administration under the will was ever had. The widow took possession of the personal property, worth about $1,500, and held and controlled the same absolutely from the date of the death of James

Wombles to the date of her own death, which took place in 1892. It appears in evidence that she bought and sold real estate, and gave from time to time property to her children, but whether by way of gift or advancement does not clearly appear. Nor does it appear whether she left any estate.

James Wombles left six children surviving him, all of whom lived to be grown and married. Three of these died before their mother, leaving issue. The plaintiffs are the three children who survived their mother, and who claim by the present action that the defendant, who is administrator of their mother's estate, is accountable to them for $1,500 and interest from the date of their mother's death. This claim is exhibited as a demand against the estate, and is based on the theory that their mother only took a life estate in the property, and that, under the term *living children*, they took a contingent remainder which, upon the death of their mother, became vested. The cause originated in the probate court of Lincoln county, where judgment was rendered in favor of the defendant. Upon retrial of the cause in the circuit court judgment was again rendered in favor of the defendant. The plaintiffs appeal, and assign for error that the court should have rendered judgment in their favor on the uncontroverted facts.

It was held in *DeLassus v. Gatewood*, 71 Mo. 378, that a will giving a life estate to the widow, and remainder to children "that are alive," gives a contingent remainder to children living at the death of the testator, which becomes vested only on the death of the life tenant. There seems to be no substantial difference between the words "that are alive" and the words "living children." A holding, therefore, that the three children surviving Elizabeth Wombles are the only persons entitled to take as remaindermen, seems to find some

countenance.  We need not decide, however, whether in view of other provisions of the will the expression should be held to be controlling.

On the other hand it seems clear that, whatever the rights of the plaintiffs may be in any estate which can be traced to be the result of the proceeds of property of which James Wombles had the right to dispose by will, the alleged rights of the plaintiffs can not be worked out in this proceeding.   Under section 2, chapter 54, of the Revised Statutes of 1845, in force when Wombles died, his widow was entitled absolutely to one third of his personal estate, subject to her husband's debts, and, under section 30, of article 2, chapter 3, to personal property of the value of $200, exempt from her husband's debts.   In no view of the facts, therefore, did she become chargeable as trustee for the remaindermen to the full extent of the property of which she took possession.   It was decided in *Butler v. Lawson*, 72 Mo. 227, that, when the object of a suit is to follow a trust fund through many transformations during a long series of years, the circuit court is the proper forum, though the delinquent trustee be dead and his estate is in the hands of an administrator.   The probate court has no equity jurisdiction to work out such equities, and the circuit court could acquire none by appeal.   Nor could they be worked out by making the administrator a sole party defendant, since the distributees of the estate of Elizabeth Wombles, being the descendants of the deceased children of James Wombles, are entitled to be heard, both as to the proper construction to be placed upon the will, and as to their share on final distribution.   *Goodwin v. Goodwin*, 69 Mo. 617.

It results from the foregoing that the circuit court did not err in rendering judgment for costs in favor of the administrator in this proceeding.   The judgment is affirmed.   All concur.