ANN M. EMISON, *et al.*, Respondents, *vs.* PHILANDER R. WHITTLESEY, *et al.*, Appellants.

1. *Land and land titles—Conveyances—Remainder—Life estate.*—A conveyance was made to A., in trust for the sole and separate use of B., a married woman, during her natural life, and upon her death the remainder in fee simple absolute to vest in the children of said B. and her husband then living, and the children of any of their children who should die before her death. *Held*, that as at the time of making the deed, no one could tell that any of the children would survive the mother, the remainder was only a contingent, not a vested remainder.

2. *Land and land titles.—Mortgages—Vendor's lien—Waiver of.*—A vendor's lien on real estate is not waived by taking additional security, where the instrument creating the security, in terms retains the vendor's lien. The implied lien will be sustained whenever the vendor has taken the personal security of the vendee only, by whatever kind of instrument it may be manifested; and any bond, note or covenant given by the vendee alone, will be considered as intended only to countervail the receipt for the purchase money contained in the deed, or to show the time and manner in which the payment is to be made, unless there is an express agreement between the parties to waive the equitable lien. And on the other hand, the lien will be considered as waived whenever any distinct or independent security is taken, whether by mortgage of other land, or pledge of goods, or personal responsibility of a third person; and also where a security is taken upon the land, either for the whole or a part of the unpaid purchase money, unless there be an express agreement that the implied lien shall be retained.

*Appeal from Lafayette Circuit Court.*

*Green & Rathbun*, for Respondent.

*Ryland & Son, and Wallace & Mitchell*, for Appellants.

I. To constitute a vested remainder, the person who takes must be *in esse* and ascertained by the instrument creating the same. This deed from Wm. J. Stone to Wyatt H. Stone as trustee, does not name or ascertain the children or grandchildren who are to take the remainder in said estate. The remainder created by said deed, could not vest till the death of Mary V. Stone, and was therefore contingent till that time. (2 Washb. Real Prop. [3rd Ed.], 502, § 89, 507, § 10, 509, §§ 18, 20, 22; 4 Kent's Com., 206, 207, 208; Blackst. Com., Book II., 169; Brown vs. Lawrence, 3 Bush, 390, 397; Leslie vs. Marshall, 31 Barb., 564; Croxwell vs. Sherrud, 5 Wall.,

288 ; Aubuchon vs. Bender, 44 Mo., 560, 566, 567 ; Moore vs. Littel, 3 Amer. Law Reg., 144, 146, 148 ; Fearne on Rem. Introd., 2 ; 4 Kent., 203, Note C. ; 2 Cruise Dig., Title 16, Ch. 1, §§ 8–10–40 ; Pink vs. DeThusey, 2 Mad.157 ; 3 *Ib.* 396 ; Hill on Trus., 72, 490.)

II. The waiver of the equitable lien by vendors, when not expressly done, is a matter of intention and presumption, subject to explanation and rebuttal, and the courts in some of the States consider this lien itself in the nature of a mortgage. (Mackrette vs. Symmons, 15 Ves., 329 ; White & Tudor Leading Cases in Equity, Vol. 1, 194 [S. P.], Amer. notes to same at pp. 270, 272, 274 ; 2 Washb. Real Prop. [3d Ed.] pp. 88, 91, [S. P.] 505–508 ; Adams vs. Cowherd, 30 Mo., 458 460–1 ; Davis vs. Lamb, 30 Mo., 441 ; Wallace vs. Wilson, 30 Mo., 335 ; Bledsoe vs. Gaines, 30 Mo., 448 ; Ficklin vs. Stephenson, 33 Mo., 341 ; Boon vs. Ewing, 17 Ohio., 500 ; Morris vs. Pate, 31 Mo., 315.)

NAPTON, Judge, delivered the opinion of the court.

This is an action of ejectment. The plaintiffs are the representatives of Mary V. Stone. In 1856, W. J. Stone executed a deed to Wyatt H. Stone for the land in controversy, "in trust for the sole and separate use of Mary V. Stone (mother of the plaintiff), wife of Oliver H. P. Stone, Sr., to hold for and during her natural life, so that neither the same nor the rents and profits thereof should in any way be controlled by or become subject to any debts of his contracting, and upon the death of the said Mary V., the remainder in fee simple absolute in said lands to vest in the children of the said Oliver H. P. Stone, Sr., of their marriage begotten, then living, and in the children of the deceased children of the said Oliver H. P. Stone and Mary V. Stone, if any of the children of the said Oliver and Mary die, leaving a child or children, giving to them the share that would have gone to the parent."

In 1858, Wyatt H. Stone was, by a decree of the Circuit Court, discharged from the duties of trustee, and one Jno. S. Porter appointed, and a deed was made by Wyatt H. Stone to

Porter, conveying the premises on the same terms as heretofore specified. There were some mechanic's liens on this property, but they were discharged. The defendants relied on a decree of the Circuit Court, made in November, 1862. The petition in the case which terminated in this decree, states that O. H. P. Stone executed certain notes, specifying them, as evidence of his indebtedness to the plaintiff for the purchase money of the land above referred to.

It then states the mortgage to secure these sums, executed by the defendants, Stone and wife, and the trustee, and refers to the deed that he had made, conveying the land to the trustee for the benefit of the wife and children, and then states that the defendants, John Milton Stone, Ann Mary Stone, O. H. P. Stone, Jr., William Dudley Stone and Ira Stone are the children by this marriage and are minors. The petition then refers to the mechanic's liens and their purchase by Van Camp, one of the defendants, who was the grandfather of the infant defendants. The prayer of the bill is for a judgment for his debt and interest, that the defendants be foreclosed of their equity of redemption, and that the land be sold to pay this debt, and for other relief.

The mortgage expressly recites that the said W. J. Stone has only a vendor's lien on the said tract of land to secure the purchase money, and as he was in failing circumstances, the deed was made for further security. The infant defendants were duly served, and their grandfather, Levi VanCamp, was appointed guardian *ad litem*. This mortgage was executed on the 25th of November, 1858, by Oliver H. P. Stone, Sr., Mary V. Stone and her trustee Wyatt H. Stone, to W. J. Stone. The suit to foreclose was by W. J. Stone against Oliver H. P. Stone and his wife Mary V., and Wyatt H. Stone, trustee, and John S. Porter, trustee, and John Milton Stone, and Mary Stone, Oliver H. P. Stone, Jr., W. Dudley Stone, Ira Stone, plaintiffs, and Levi VanCamp, grandfather of plaintiffs. There was a decree of foreclosure and order of sale in November, 1862. The mortgage was to secure the purchase money on the sale by said W. P. Stone to Wyatt H. Stone as trustee, in 1856, The deed was filed for record in 1858.

The decree in this suit for foreclosure, finds the sum of $3,241.69 to be still due on the bonds of said Stone, "for part of the consideration and purchase money which said defendant, Oliver H. P. Stone promised and agreed to pay the plaintiff, W. J. Stone, for the tract of land above described, and which defendant, O. H. P. Stone, bought of plaintiff, W. H. Stone, and which plaintiff, W. J. Stone, had heretofore, but after said purchase, conveyed by deed, at the request of said O. H. P. Stone, to said Wyattt H. Stone, in trust for the defendant, Mary V. Stone, during her natural life, and after her death to the defendants in said suit, John Milton Stone, Ann Mary Stone (now Ann Mary Emison), O. H. P. Stone, Jr., William Dudley Stone and Ira Stone, children of the said O. H. P. Stone, Sr., and his wife, Mary V. Stone." And further, that in respect to the purchase of said land by O. H. P. Stone, Sr., and plaintiff's conveyance of the land in trust to defendant, Wyatt H. Stone, for the use of the wife and children of the purchaser, that the purchase money for said land was never paid, but still remains due and unpaid. This decree further finds, that said mortgage deed, dated the 23rd of March, 1858, executed by said O. H. P. Stone, Sr., Mary V. Stone and Wyatt H. Stone, was made to secure the original purchase money for said land to said W. J. Stone, plaintiff in suit for foreclosure, and was in aid of the lien which plaintiff, W. J. Stone, as such vendor, had and retained in and upon said land and real estate. And it was considered and ordered by said court on said decree, that the defendants, each and all of them, be forever foreclosed and barred from all benefit and advantage of redemption of, in and to said mortgaged premises and real estate, and that the same and the equity of redemption therein and thereto of said defendants be sold to satisfy the amount found to be due to said plaintiff as aforesaid, and that said plaintiff have thereof execution specially against said mortgaged premises, and that the same or so much thereof as shall be necessary, be sold to satisfy the said debt, damages and costs, with a further judgment, in case not enough was rendered, against O. H. P. Stone, Sr. The defendants

had the sheriff's deed under the execution, which showed the sale at $3,711.60, on the 24th of May, 1864. The deed was dated June 4th, 1864. There was some testimony in the case, perhaps not material, but which tends to explain the meaning and intent of the parties.

W. J. Stone, the original owner of the land, states that he made the contract with O. H. P. Stone, Sr., his brother, for the sale of this land; that said O. H. P. Stone was to pay him $5,000, and he was to make his brother a deed for the land. The deed he did make was to Wyatt H. Stone, trustee, though he was not aware of this when he signed it. No money was paid. Judge Ryland was also examined, but his testimony is not material. He drew up the mortgage and intended it as an additional security to the lien of the vendor.

Various instructions were asked on either side, presenting the points controverted, but it is useless to repeat them. The questions to be decided, and which the instructions on either side present, are, 1st, whether the deed of W. J. Stone created a vested contingent remainder in the children of O. H. P. Stone, Sr. 2nd, whether the decree in the case of W. J. Stone against the present plaintiff and others, had any validity as regards them, or passed any title to the land, except the life estate of their mother.

This was a conveyance to the mother, and upon her death the remainder was conveyed to her children who survived her, and the children of such of her children as were dead, at her decease. At the time of the deed, it was impossible to say that any one was in existence who would take the remainder. No one could tell that any of the children would survive the mother. It was, therefore, a contingent remainder. (In the matter of Ryder, 11 Paige, 185; Blanchard vs. Blanchard, 1 Allen, 226; Jones vs. Waters, 17 Mo., 589.)

But the main point in the case is as to the effect of the decree upon the title of the plaintiffs. As the plaintiffs were not parties to the mortgage, its foreclosure could not affect them. But the proceeding on the equity side of the court in the case of W. J. Stone to recover his notes for the purchase money of

the land was not merely to foreclose the mortgage, but to enforce a vendor's lien. The mortgage was not a substitute for this lien, but in aid of it, as it professed to be in its recitals. An express lien on a part of the the title conveyed is no waiver of the implied lien of a vendor. The mortgage could only affect the life estate owned by those who signed it. The petition, proceeding and decree clearly show that the court not only foreclosed the mortgage, but enforced the vendor's lien. Such lien is not waived by taking additional security, if it is in terms retained—and the mortgage in this case expressly stated that it was in aid of the vendor's lien. The infant defendants were made parties, and a guardian, *ad litem*, was appointed. This, among other things, clearly shows that it was the intention of the court to pass the whole title. Whether the infants would be barred by the proceeding, or might, after arriving at age, take steps to set aside the decree in a direct proceeding for that purpose is no question here. This action is ejectment and assumes the decree in the case of W. J. Stone vs. O. H. P. Stone and others, to be a nullity, so far as the plaintiffs, who were infant defendants in that case, are concerned. But the vendor's lien was paramount to the title of the infants, whether it be regarded as a valid or contingent remainder, unless it was waived by taking the mortgage. The result of the American cases on the subject is thus stated in Lea. Eq. cases, p. 272 : "The implied lien will be sustained wherever the vendor has taken the personal security of the vendee only, by whatever kind of instrument it may be manifested, and therefore, any bond, note or covenant given by the vendee alone, will be considered as intended only to countervail the receipt for the purchase money contained in the deed, or to show the time and manner in which the payment is to be made, unless there is an express agreement between the parties to waive the equitable lien; and on the other hand, the lien will be considered as waived whenever any distinct and independent security is taken, whether by mortgage of other land, or pledge of goods, or personal responsibility of a third person, and also, where a se-

curity is taken upon the land, either for the whole or a part of the unpaid purchase money, unless there is an express agreement that the implied lien shall be retained."

Adopting this as the received American doctrine, for which the editors cite a multitude of cases, it will be perceived that the lien in this case was never waived, but expressly reserved. The mortgage purports to be in aid of the lien, and its foreclosure and the decree to sell the whole title show that the decree was based, not only on the mortgage, but upon the vendor's lien. It was useless to make the plaintiffs parties defendants to that suit, unless such had been the object. The prayer for general relief authorizes the decree that was made, which was for the sale of the whole title. The facts stated in the petition, and proved on the trial, warranted the decree, and the title acquired under it by deed of the sheriff, was a title in fee simple and not for the life estate. The plaintiffs had really no interest in this land in equity, unless paid for by their father, the grantee in the deed. The purchase money was never paid, and they were parties to a suit to enforce its payment. The defendants are purchasers under a decree in this suit to sell this land, not merely under the mortgage, but to enforce the vendor's lien, and this title we regard as paramount to that of plaintiffs.

The judgment will, therefore, be reversed. The other judges concur.