AT THE

## APRIL TERM, 1880.

---

DeLassus v. Gatewood, *Appellant.*

1. **Contingent Remainder;** PARTICULAR ESTATE: DEVISE TO CHIL-
DREN TO BE ALIVE AT A FUTURE TIME. A testator devised all his prop-
erty to his wife, " to hold at her will and pleasure during her natural
life or widowhood. And, at the death or marriage of my said wife,
it is my will, that all my estate heretofore bequeathed shall be
equally divided between my children that are alive, or their bodily
children, to-wit: (naming them;) in equal share or proportion.
And it is my will and pleasure that my said ·wife has the pleasure,
and is permitted, to give to any of my children property toward
their portion when they arrive at age, by having the same valued
and taking their receipt for the same as so much toward their por-
tion of my estate." *Held,* that the children intended were such as
should be alive at the death or re-marriage of the widow, and not

| | |
|---|---|
| 71 | 371 |
| 99 | 344 |
| 71 | 371 |
| 104 | 258 |
| 71 | 371 |
| 108 | 274 |
| 71 | 371 |
| 56a | 567 |
| 71 | 371 |
| 62a | 117 |
| 71 | 371 |
| 160 | 305 |
| 71 | 371 |
| 93a | 281 |

such as were alive at the time the will was made, and the estate devised to the children was, therefore, a contingent remainder. *Held*, also, that the power conferred upon the widow of giving to any of the children property toward their portion, when they should arrive at age, did not affect the character of the children's estate, since it was altogether optional with her whether she would exercise it, and it had nothing to do with the ultimate division of the property.

2. ———. A contingent remainder is not a descendible interest.

*Appeal from Cape Girardeau Circuit Court.*—Hon. D. L. Hawkins, Judge.

Reversed.

Ejectment by Lydia DeLassus, claiming as heir of William A. DeLassus, her deceased son, against Robert F. Gatewood.

*Wilson Cramer* for appellant.

The fact that the persons named in the will as children of the testator were his only children, conclusively shows that the words " that are alive " do not refer to the time of the making of the will, and that these words, and those immediately following, " or their bodily children" were not intended to distinguish between those of the testator's children that were then living, or their bodily children, and the bodily heirs of such children as had previously died. These words clearly indicate that the testator contemplated, at the time, that future events should determine between what parties his estate should be divided. Hence, we conclude that the estate was to be distributed between those of his children, or their bodily children, if any should die leaving such, that were living at the death of the testator's widow.

If this construction is correct, then the remainder is contingent, since it was uncertain whether any of the children named, or any of their issue would survive the tenant for life. *Jones v. Waters*, 17 Mo. 587; *Aubuchon v. Bender*, 44 Mo. 566 ; *Emison v. Whittlesey*, 55 Mo. 258; 1

Blackst., book 2, p. 170; 4 Kent's Com., (12 Ed.) 206, *et seq;* 1 Hilliard on Real Prop., (2 Ed.) 501, § 3; 2 Washburn on Real Prop., (3 Ed.) 519, *et seq.* The remainder being contingent and Felix M. DeLassus, the husband of plaintiff, and William A. DeLassus, their son, having died before the tenant for life, there was no descendible interest in them which could pass to the plaintiff. Bingham on Descents, 222, 232. The provision of the will authorizing the widow of the testator to make advancements to his children, does not militate against the position here assumed. It simply gives a power, and in no manner affects the devise itself.

*J. Perry Johnson* for respondent.

The will created in the widow a life estate, and in all the children named a vested remainder, and the fee in all the real estate of which Ceran E. DeLassus died seized vested in his eleven children, as tenants in common, immediately on the death of their said father, subject only to the life estate, or, in other words, a present estate with the right of possession and enjoyment postponed until the death of the tenant for life. Wag. Stat., p. 1351, § 6; *Tesson v. Newman,* 62 Mo. 201; Wigram on Wills, 58, 310; *McKinstry v. Sanders,* 2 Thomp. & Cook (N. Y.) 191; 4 Kent Comm. 198, 203, 206; *Moore v. Lyons,* 25 Wend. 119; *Bond's Appeal Case,* 31 Conn. 183; *Gregory v. Cowgill,* 19 Mo. 415; *Manice v. Manice,* 43 N. Y. 368; *Aldrich v. Weed,* 5 Thomp. & Cook (N. Y. Sup. Ct. Rep.) 105; *Robertson v. Hillman,* 5 N. Y. Sup. Ct. Rep. 535; *Campbell v. Rawdon,* 18 N. Y. 412; *Mowatt v. Carow,* 7 Paige (N. Y.) 328; *Hays v. Gourley,* 8 N. Y. Sup. Ct. 38; *Austin v. Bristol,* 40 Conn. 120; *s. c.,* 16 Am. Rep. 28; *Ackerman v. Gorton,* 13 N. Y. Sup. Ct. 301; *Young v. Langbein,* 14 N. Y. Sup. Ct. Rep. 151; *Livingston v. Greene,* 52 N. Y. 118; *Williamson v. Field,* 2 Sandf. Ch. 533; *Burleigh v. Clough,* 52 N. H. 267; *Hannan v. Osborn,* 4 Paige 336; *Everitt v. Everitt,* 29 N. Y. 75; *Hoxie v. Hoxie,* 7 Paige, 187; 2 Washburn Real Prop-

erty (2 Ed.) 228 ; *Eldridge v. Eldridge*, 9 Cush. 516 ; *Bridge-water v. Gordon*, 2 Sneed (Tenn.) 5 ; *Manderson v. Lukens*, 23 Penn. St. 31 ; *Rives v. Frizzle*, 8 Ired. Eq. 237 ; *Johnson v. Valentine*, 4 Sand. (N. Y.) 36 ; *Smith's Appeal*, 23 Penn. St. 9 ; *Biddle's Appeal*, 69 Penn. St. 190 ; *Chinn v. Keith*, 4 T. & C. (N. Y.) 126 ; 1 Hun 589 ; *Moore v. Littel*, 41 N. Y. 66 ; *Johnson v. Valentine*, 4 Sand. 37 ; *Rose v. Hill*, 3 Burr. 1881 ; *Converse v. Kellogg*, 7 Barb. 590 ; Cruise's Dig., 16, chap. 1, § 86, note ; *Doe v. Provoost*, 4 John. 61 ; *Crox-all v. Shererd*, 5 Wall. 268 ; *Ives v. Legge*, 3 T. R. 488 ; *Doe v. Perryn*, 3 T. R. 484 ; *Lantz v. Trusler*, 37 Pa. St. 482 ; *Sweet v. Chase*, 2 N. Y. 73 ; *Gilman v. Reddington*, 24 N. Y. 10. The courts never construe a remainder to be contingent when it can be taken to be vested. *Doe v. Provost*, 4 John. 64 ; 4 Sandf. 43, 44 ; *Boraston's Case*, 3 Coke, 19 ; *Goodtitle v. Whitby*, 1 Burr. 228 ; *Wrightson v. MaCaulay*, 14 M. & W. 230. If there could be any doubt as to the meaning of the will as to the vesting of the estate, it seems to be entirely removed when we examine the will farther, where the testator directs that his wife may "give to any of my children property toward their portion when they arrive at age." Were this a contingent remainder, they could have no portion until the contingency had happened.

SHERWOOD, C. J.—This action, ejectment, was tried upon the following agreed statement of facts :

First. That Ceran E. DeLassus died testate previous to the 5th day of May, A. D. 1857, seized and owner of a large quantity of land, of which the land described in plaintiff's petition in this cause forms a part.

Second. That, at the time of his death, the said Ceran E. DeLassus left him surviving Eleanor DeLassus, his widow, and Mary E. Picou, Joseph E. DeLassus, Francis C. DeLassus, Leon E. DeLassus, Cammille J. D. DeLassus, Felix M. DeLassus, Elie M. DeLassus, Mina J. DeLassus, Mary J. DeLassus, Adolph DeLassus and Marin Z. DeLassus, his only children.

Third. That the said Ceran E. DeLassus, at the time

of his death, left a last will and testament, which was, on the 5th day of May, A. D. 1857, duly admitted to probate in the county court of Perry county, State of Missouri, of which will and testament the following is a true copy, to wit: I, Ceran E. DeLassus, of Perry county, in the State of Missouri, do hereby make and publish this, my last will and testament, as follows, to wit: First. I desire that my funeral expenses and all my other debts be paid, without the expense or trouble of having them classed and allowed in court, if my executrix should know them to be just. Second. I will and bequeath unto my dearly beloved wife, Eleanor DeLassus, all my property, both real and personal, goods and chattels, moneys and effects, debts due and becoming due, books, papers and accounts of every description, to have and to hold at her will and pleasure during her natural life or widowhood. And, at the death or marriage of my said wife, it is my will that all my estate heretofore bequeathed shall be equally divided between my children that are alive, or their bodily children, to wit: Mary C. Picou, Joseph L. DeLassus, Francis C. DeLassus, Leon E. DeLassus, Cammille J. D. DeLassus, Felix M. DeLassus, Elie M. DeLassus, Mary J. DeLassus, Adolph DeLassus, Mina J. DeLassus and Marin Z. DeLassus, in equal share or proportion. And it is my will and pleasure that my said wife has the pleasure and is permitted to give to any of my children property toward their portion when they arrive at age, by having the same valued, and taking their receipt for the same, as so much toward their portion of my estate. It is my bequest that, should my said wife intermarry, that she take, as her portion, what the laws of the State of Missouri will allow her, and no more. And, lastly, I hereby nominate and appoint my said wife, Eleanor DeLassus, executrix of this my last will and testament, hereby revoking all former wills by me made. In testimony whereof, I have hereunto set my hand and seal, this 26th day of March, A. D. 1856.

Attested, etc.        C. E. DeLassus. (Seal.)

Fourth. That on the 7th day of October, 1872, the said Felix M. DeLassus and Lydia DeLassus, the plaintiff in the case, were duly and lawfully married, and lived together as husband and wife until the death of the said Felix M. DeLassus.

Fifth. That on the 7th day of June, 1873, William A. DeLassus, son of the said Felix M. DeLassus and Lydia DeLassus, the plaintiff herein, was born.

Sixth. That on the 12th day of July, 1873, the said Felix M. DeLassus died, intestate, leaving his son, William A. DeLassus, his only child, and his widow, the said Lydia DeLassus, him surviving.

Seventh. That on the 10th day of March, 1874, the said William A. DeLassus died intestate, leaving his mother, the said Lydia DeLassus, him surviving.

Eighth. That the said Eleanor DeLassus never married after the death of Ceran E. DeLassus, and on the 21st day of September, 1874, died intestate.

The learned author of a work on descents, says : "A contingent remainder is that part of an estate in fee bestowed conditionally upon one of two or more persons, which one is not certain ; the rest of which is bestowed definitely upon some other person or persons named. The part not thus definitely disposed of to some particular person or persons, is provided to go to some other person or persons of two or more named, which of the two or more is left uncertain, and is to be fixed and made certain by succeeding events. The remainder itself is certain, but the person who is to have it is uncertain until it is determined by the events named." Bingham on Descents, 125. Chancellor Kent says that the definition (of a contingent remainder) in the New York Revised Statutes, volume 1, p. 723, section 13, is brief and precise. A remainder, says the statute, is contingent, whilst the person to whom, or the event upon which it is limited to take effect, remains uncertain. 2 Kent 208, note. Blackstone divides contingent remainders

1. CONTINGENT RE-MAINDER: particular estate: devise to children to be alive at a future time.

into two kinds: "Where the estate in remainder is limited to take effect, either to a dubious and uncertain person, or upon a dubious and uncertain event." 2 Black. Com., 169. This definition corresponds with that of Fearne, and falls within his fourth class of contingent remainders. 1 Fearne 9. I have been thus particular in the citation of text-books, since it is agreed that the right of the plaintiff to maintain her action depends upon whether the will in question created a vested or a contingent remainder in those who were to take upon the marriage or death of the widow.

In a case decided a few years since in Massachusetts, the will was as follows: "I give, devise and bequeath to my present wife, Julia Ludington, all my estate, real, personal and mixed, to and for the uses and trusts following, to-wit: In trust to use and enjoy the same as she now does, she taking care of and maintaining my children, so far as the same will maintain them during the period of her widowhood, and at her decease or marriage, then further in trust to divide the same equally to and among such of my children as shall then be living, share and share alike. The names of my said children are: George C., Ann L., Lucy M., Francis A. and Caroline E., to them and to their heirs and assigns forever." The widow survived unmarried, and signed the deed, as did all the children named in the will except Ann L., who died some years after the testator, leaving one child, Lucy C. Hapgood, who was born a few weeks •before the testator's death. If Lucy C. had any interest in the premises, judgment was to be for the plaintiff, otherwise for the defendants. Gray, Justice, says: "The devise at the death or marriage of the widow 'to and among such of my children as shall then be living, share and share alike,' gives a contingent remainder to such of the children as shall be living when the contingency of such death or marriage happens. In the next clause the testator gives the names of said children, that is, all those already described as 'my children,' for he could

not foretell which of them would be living at a future time; and this clause does not extend the effect of the previous one, by which such of them only as shall be living upon the happening of the contingency, are to take. The further words, 'to them and their heirs and assigns forever,' do not describe the devisees, but the quantity of their estate; or in other words, merely show that the estate to be taken by virtue of the previous words is an estate in fee. The daughter who died after the testator and before his widow, therefore, took no estate, and none passed to her child." *Thompson v. Ludington*, 104 Mass. 193.

So, also, in *Olney v. Hull*, 21 Pick. 311, referred to in the case just cited, the use of his real estate during widowhood, was devised to the wife of the testator, and then this clause was added: " Should my wife marry or die, the land then shall be equally divided among my surviving sons," &c. And it was held that the remainder to the sons was contingent, until the marriage or death of the widow; and that upon her death the estate vested in a son who was then living, to the exclusion of the heirs of another son who died before the widow but after the death of the testator, Morton, Justice, observing: "He says, 'should my wife marry or die, the land then shall be equal divided among my surviving sons.' The time when the estate was to be divided among the sons, is certain and definite. It was when the intermediate estate terminated at the death or marriage of the tenant. Among whom was it to be divided? Not those who survived any prior event, not those who survived the father, but those surviving that particular event, those surviving the death or marriage of the widow."

In *Emison v. Whittlesey*, 55 Mo. 254, a similar adjudication was made. Mr. Justice NAPTON speaking for the court, said: " This was a conveyance to the mother, and upon her death the remainder was conveyed to her children who survived her, and the children of such of her children as were dead at her decease. At the time of the

deed it was impossible to say that any one was in existence who would take the remainder. No one could tell that any of the children would survive the mother. It was, therefore, a contingent remainder." Among the authorities cited in the last named case, and in support of the doctrine there announced, was that of *Jones v. Waters*, 17 Mo. 589. There the land was devised by the testator to his wife for and during her natural life, and after her death to descend to her children by him, equally share and share alike, and it was held that this created a vested remainder in the children, and that one of the sons who pre-deceased his mother, had an interest in the estate devised which was subject to sale. There were several children of the marriage at the time of the execution of the will and the death of the testator. But in delivering the opinion of the court in that case, Judge Gamble drew the distinction between that class of cases and one like the present, for he is careful to say: "Here the devisees in remainder are ascertained by the will; and they are to have the enjoyment of the estate as soon as the estate for life ends. The devise of the remainder is not to such of the children as may be alive at the death of the mother, but to all the children of the marriage. There is no event or contingency interposed between the death of the mother and the enjoyment of the estate by the persons in remainder, but immediately on her death it descends to them. The law favors vested estates, and no remainder will be construed to be contingent which may consistently with the intention be deemed vested." The clear intimation in that case is, that if the devise of the remainder had been to such of the children as should be alive at the death of the mother, then the remainder would have been contingent. Taking this view of that case, it is not at variance with the Massachusetts cases already cited. In *Aubuchon v. Bender*, 44 Mo. 560, it was held that where there was a covenant to stand seized for the use of the covenanter during his life, and after his death his title was to vest in his five children who were

named, there the children took a vested remainder, but that the remainder would have been contingent had the words respecting the children been added, " as shall be living at the time of his death."

Let us apply in the present instance, the principle to be deduced from the foregoing authorities and cases cited. Here the testator says :   I give and bequeath unto my beloved wife, Eleanor DeLassus, all my property, &c., &c., to have and to hold at her will and pleasure during her natural life or widowhood. ˙ And, at the death or marriage of my said wife, it is my will, that all my estate, heretofore bequeathed, shall be equally divided between my children that are alive, or their bodily children, to-wit: (naming the children,) in equal share or proportion.

The question at once arises, to what period of time do the words " that are alive " refer?   Obviously I think, to the death or marriage of the wife, and I am of this opinion for these reasons:   One, That the will speaks from the death of the testator, and not from the time of its execution.   Others, That it would be most unreasonable to suppose that the testator having mentioned his children by name did not know that they were then alive.   And yet, we must indulge such unreasonable supposition, if those words are to be referred to the time the will was executed, and not to a future period when the death or marriage should occur.   If those words refer to the time the will was being drawn, then they are absolutely meaningless, and utterly destitute of any intelligent expression.   If on the contrary, we judge them to refer to the future event of either death or marriage, they become at once significant.   And it would seem beyond question, both from the grammatical construction of the sentence, as well as from other considerations already adverted to, that those words can be referred only to the event in the future which was to cause the termination of the particular estate, and the commencement of that in remainder.   When is the estate

to be divided? At the death or marriage, &c. Among whom divided? The children "that are alive," or their bodily children. Alive when? When the division of the estate is to occur. It appears very plain that the above are the only answers that can with any show of reason be returned to the foregoing questions. If this be true, then the will under consideration is to be held as bearing the same meaning as if the words composing it were transposed and it read thus: It is my will that all my estate heretofore bequeathed, shall, at the death or marriage of my said wife, be equally divided between my children that are alive, or their bodily children. If these views are correct, if the words " that are alive" refer to the future, refer to the time when the particular estate was to cease, and the estate in remainder was to take effect, then it must needs follow that those words are the legal equivalents of "then living;" in which case they come within the rule of the authorities already quoted, and the remainder created by the will must be held a contingent, and not a vested one; for until the death or marriage of the tenant of the particular estate it was impossible to ascertain who of the children of the testator, or their bodily children, would be alive to take in remainder.

The conclusion just announced is not affected by reason of the fact that the widow was permitted in her discretion, to give to any of the children property toward their portion when they should arrive at age, since, by the terms employed, it was altogether optional with the widow whether she should exercise the power thus conferred or not, and had nothing to do with the ultimate division of the testator's estate. In *Olney v. Hull, supra,* it was provided that each son should, on coming into possession, pay $60 to the daughters of the testator, but this was held not to alter the nature of the interest devised.

As the remainder in this case was contingent, neither Felix M. DeLassus, nor his bodily child, William A., had any descendible interest which could pass to

the plaintiff, (Bingham on Descents, 222, 233,) and so she cannot maintain her action, and judgment reversed. All concur.