Von Phul, *Trustee,* v. Hay *et al., Executors, Appellants.*

### Division One, May 28, 1894.

1. **Supreme Court Practice:** HARMLESS ERROR.   A harmless error will not operate to reverse a judgment on appeal.

2. **Will:** CODICIL, CONSTRUCTION OF.   A testator divided his property into three classes.   He annexed a codicil which recited that he changed the bequest in item No. 1 of the will which disposed of one of three classes, and, instead of giving his wife one-fifth of the "estate absolutely," he gave her "one-third of the income of my estate in lieu of dower."   *Held,* that, although the term "estate" used in the codicil was sufficient to include all classes, yet, as he employed the same term to describe the class disposed of in "item one," and as the codicil purported to change only the bequest in item one, the effect of the codicil should be confined to that item alone.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*C. P. & J. D. Johnson for appellants.*

(1) The trial court erred in decreeing that the testator, by his will and the codicils thereto, intended to devise and bequeath "unto his wife, Ellen L. Moore, a life estate in one-third of the net income of the testator's personal property, consisting of notes and outstanding accounts, cash and stock in the building association of the Missouri Medical College, and one-fifth of the net income of all of the testator's real estate for and during her natural life; and that upon her death, all her interest and estate in the said personal estate should cease and determine." (2) On the contrary, the proper instruction of the said will and codicils is to the effect, that the testator thereby intended to give the said Ellen L. Moore: *First.* One-fifth, absolutely, of all the money on hand and in bank, at the death of testator, and that might be realized from outstanding accounts or notes, as mentioned in item 1, of the will. *Second.* One-fifth, absolutely, of the remainder of the stock in the building association of the Missouri Medical College, after the payment of five hundred ($500) dollars for a monument, as mentioned in item 2, of the will. *Third.* One-third, absolutely, of the other personal property as mentioned in item 3, of the will. *Fourth.* One-third of the real estate during her natural life. In support of the forgoing points, we cite: *Allison v. Chaney,* 63 Mo. 280: *Russell v. Eubanks,* 84 Mo. 83; *Nichols v. Boswell,* 103 Mo. 157; *Maguire v. Moore,* 108 Mo. 267.

*Robert L. McLaren* for respondent.

BRACE, J.—This suit was originally brought in the circuit court of the city of St. Louis by John Maguire, executor of the estate of John S. Moore, deceased, for a construction of the will of the said John S. Moore. From the decree of the circuit court an appeal was taken to this court and the decree of the circuit court reversed and the cause remanded. *Maguire v. Moore*, 108 Mo. 267. While the case was pending in this court on appeal, Ellen L. Moore, the widow of the said John S., died, and the said executor made final settlement of his accounts and turned over the property and assets of the estate to the respondent Von Phul, who had theretofore been appointed, by said circuit court, trustee under said will. After the cause was remanded to the circuit court, the appellants, executors of Ellen L. Moore, deceased, entered their appearance in said cause, and filed answer to the petition therein claiming a certain construction of said will which they now insist upon as correct. The provisions of the will are as follows:

"Item 1. I desire that whatever money I may have in hand or in bank, or that may be realized from outstanding accounts or notes, shall be divided equally between my wife, Ellen L. Moore, and my three children, Mrs. H. M. Barrett, John C. Moore and Mrs. A. V. Long, and the children of Mrs. M. N. Thornton (they receiving her fifth interest). When all my children are dead, then my estate is to be equally divided between my wife and her heirs or assigns and the heirs and assigns of my children, after paying my funeral expenses and all debts I owe, except those secured by deed of trust on my real estate.

"Item 2. I direct that the first $500 realized from interest on sale of my stock in the building association

of the Missouri Medical College be appropriated to placing a stone curbing around my lot in Bellefontaine cemetery, and the erection of a suitable monument to my memory, the balance realized in said stock to be divided as my cash above stated.

"Item 3. I give and bequeath to my grandson, Willie Thornton, my medical library and surgical instruments, and to my grandson, John Thornton, my canes and jewelry, excepting my watch, which I bequeath to my grandson, Sidney Moore; my other personal property I wish to be divided equally between my wife, Ellen L. Moore, and my son, John C. Moore, or their heirs, and the heirs of my daughter, Helen M. Barrett.

"Item 4. I desire that my real estate in the city of St. Louis, Missouri, and in Cairo, Illinois, shall continue to carry the incumbrance which may be upon the same at my death, during the lifetime of my children, and that my wife and my children, or their heirs, shall receive quarterly from my executor one-fifth, each, of the net income from the rental of my real estate (the children of my daughter, Mrs. M. N. Thornton, deceased, receiving her fifth); after the death of the last of my children I desire that my real estate shall be sold to the best advantage, and the proceeds equally divided among my wife or her heirs, and my grandchildren or their heirs living at the time.

"Item 5. I give and bequeath to my faithful servant, Louisa Randolph the sum of $50, payable to her one year after the date of my death.

"Item 6. I hereby appoint John Maguire, real estate agent, number 519 Walnut street, my executor of this my last will and testament and in event of his death or resignation, then such person as the court may appoint.

"Item 7. Having advanced my son, John C.

Moore, twenty-two hundred dollars ($2,200), I desire that that amount be deducted from the shares of his heirs in the final division of my estate.

"Item 8. I hereby desire it to be distinctly understood that whenever the words 'my wife or her heirs' appear, that I mean the heirs of her present marriage to me or her former marriage.

"Witness my hand and seal this twenty-fifth day of July, 1882.

*     *     *     *     *     *

"Having forgotten, in item 3, that the heirs of my daughter, Mrs. M. N. Thornton, shall be entitled to an equal share in the stock of the Missouri Medical College belonging to me, I hereby give and bequeath unto them, the said heirs, an equal share of said stock.

"Witness my hand and seal this twenty-fifth day of July, 1882.

*     *     *     *     *     *

"Codicil 1. I hereby change the bequest in item number 1 of the within will: Instead of giving my wife, E. L. Moore, one-fifth of my estate absolutely, I give her one-third of the income of my estate during her lifetime in lieu of dower.

"JOHN S. MOORE.    [SEAL]."
Attested: "14th of June, 1884."

The circuit court construed the will as follows: "The court finds that said testator died seized and possessed of real and personal property situated in this state and elsewhere, and that in and by said will and codicils the said testator bequeathed certain specific legacies, namely: the first five hundred dollars ($500) to be realized from interest on or sale of certain stock held by him in the building association of the Missouri Medical College, to be appropriated to placing the stone curbing around his lot in the Bellefontaine cemetery, and the erection of a suitable monument to his mem-

ory. To his grandson, William Thornton, his medical library and surgical instruments; to his grandson, John Thornton, his canes and jewelry excepting his watch; and to his grandson, Sidney Moore, the said watch; and to Louisa Randolph, the sum of fifty dollars ($50).

"And the court doth further find that the said testator, by the item third of his said will and the second codicil thereto intended to and did bequeath his other 'personal property,' meaning thereby only to dispose of his specific chattels as distinguished from money, stock, choses in action, and securities, to be divided equally between his wife, the said Ellen L. Moore, and his son John C. Moore, or their heirs, and the heirs of his deceased daughter, Helen M. Barrett, and M. N. Thornton. And that as to all and singular the residue and the remainders of his estate, real and personal, and wheresoever the same was situate, after the payment of said testator's debts and the costs of administering his estate, the said testator, in and by said will and codicils, intended to, and did, devise and bequeath the same as follows:

"Unto his wife Ellen L. Moore, a life estate in one-third of the net income of the testator's personal property, consisting of notes and outstanding accounts, cash and stock in the building association of the Missouri Medical College, and one-fifth of the net income of the testator's real estate, for and during her natural life, and that upon her death, all her interest and estate in the said personal estate ceased and determined.

"Subject to the said life estate, the said personal property, consisting of outstanding accounts, notes, cash and stocks in the said building association, the said testator intended to, and did, bequeath and give the same absolutely as follows: One-fourth thereof to his

VOL. 122—20

son, John C. Moore; one-fourth thereof to his daughter, Amanda V. Long, and one-fourth thereof to the children of his daughter, Helen M. Barrett, being the defendants Helen M. Robinson and John M. Barrett; and one-fourth thereof to the children of his daughter, M. N. Thornton, being the defendants, Anna S. Gale, Ada S. Thornton, John Thornton and William Thornton.

"That as to all of the real estate of the testator, he intended to and did dispose of and devise the same by the said will and codicils, as follows, to be held in trust by someone to be appointed for that purpose, for and during the lives of his widow, Ellen L. Moore, and his children, John C. Moore and Amanda V. Long, and the survivor of them, and that the net income arising therefrom shall be paid over to and enjoyed by the said parties in the following proportions, namely: One-fifth thereof to the said Ellen L. Moore, for and during her life; one-fifth thereof to the said John C. Moore, for and during his life; one-fifth thereof to the said Amanda V. Long, for and during her life; one-fifth thereof to the children of Helen M. Barrett, together; one-fifth thereof to the children of M. N. Thornton, taken together: Provided, that if either of the said persons, viz: John C. Moore, Amanda V. Long, J. M. Barrett, and Helen M. Robinson, the children of the said Helen M. Barrett, and Ada S. Thornton, Ann S. Gale, John Thornton and William Thornton, the children of the said M. N. Thorton, shall die during the continuance of such trust, the share of said net income which would be payable to them respectively shall be paid over and enjoyed by their respective children, if any such there are, surviving their parents, and if there are no children surviving, the share of such deceased person shall fall into and be divided among the remaining persons so

entitled to such income as above, in the proportions above designated.

"That upon the death of the last survivor of them, the said John C. Moore and Amanda V. Long, the said real estate shall be sold by said trustee to the best advantage, and the proceeds thereof be divided among the children of the said Ellen L. Moore by her previous marriage, if any then survive, and all of the grandchildren of the said testator living at the time, equally and *per capita*. Provided, that if any of his grandchildren shall have previously died leaving descendants, him or her, surviving at the time of the death of the said John C. Moore or Amanda V. Long, whichever one of them may survive the other, such surviving descendants of such deceased grandchild shall each be entitled to participate equally with such surving grandchidren in such proceeds. Provided, further, that out of the shares, if any, to which the children of the said John C. Moore may be entitled upon the termination of said trust, there shall be deducted the sum of twenty-two hundred dollars ($2,200), according to the direction contained in the seventh item of said will * * * to be distributed equally to and among the other persons entitled to participate in the proceeds of said real estate as above stated."

The court entered a decree in accordance with this construction and finding, from which the said executors of Ellen L. Moore appeal, and now contend that:

"(1) The trial court erred in decreeing that the testator, by his will and codicils thereto, intended to devise and bequeath "unto his wife, Ellen L. Moore, a life estate in one-third of the net income of the testator's personal property, consisting of notes and outstanding accounts, cash and stock in the building association of the Missouri Medical College, and one-fifth of the net income of all of the testator's real estate for and during her natural

life; and that upon her death, all her interest and estate in the said personal estate should cease and determine.

"(2) On the contrary, the proper construction of the said will and codicils is to the effect, that the testator thereby intended to give the said Ellen L. Moore: *First.* One-fifth, absolutely, of all the money on hand and in bank, at the death of the testator, and that might be realized from outstanding accounts or notes, as mentioned in item 1, of the will. *Second.* One-fifth, absolutely, of the remainder of the stock in the building association of the Missouri Medical College, after the payment of five hundred ($500) dollars for a monument, as mentioned in item 2, of the will. *Third.* One-third, absolutely, of the other personal property, as mentioned in item 3, of the will. *Fourth.* One-third of the real estate, during her natural life."

I.   On this appeal it is only necessary to define the provisions made for the widow. The intention of the testator, gathered from the four corners of the will, seems to have been that his property should be divided into three classes: *First, cash assets,* under which he included money on hand or in bank, outstanding notes and accounts, and stock in the Missouri Medical College; *second, other personal property* not specifically bequeathed; *third, real estate.* In each of these classes of property he gave his wife an interest.

It also appears to have been his intention that the first and third classes of his property should not be divided until the death of all his children, and that until the death of the last child the beneficiaries should enjoy only the net income from his real estate and cash assets. But that the second class should be divided presently after his death in due course of administration. By item 3 of the will this property is to be equally divided between his widow and his son, John C. Moore

or their heirs, and the heirs of his daughter, Helen M. Barrett, thus giving the widow one-third of this property absolutely.

On the same day that the will was executed, and after it had been signed by the testator and the attesting witnesses, he added the clause or item, "Having forgotten in item 3, that the heirs of my daughter, Mrs. M. N. Thornton, shall be entitled to an equal share in the stock of the Missouri Medical College belonging to me, I hereby give and bequeath unto them, the said heirs, an equal share of said stock." The only purpose that the testator manifests in making this addition to his will is to secure to the heirs of his daughter, Mrs. Thornton, an equal share with his widow and his three other children in the stock of the Missouri Medical College. It is addressed exclusively to this purpose. There is no indication whatever of any purpose to change the disposition of the other personal property bequeathed in item 3. That item did not undertake to dispose of his stock in the Missouri Medical College at all. The whole of that stock having been disposed of in the preceding item (2) by which, read in connection with item 1, the same share in that stock was given to the heirs of Mrs. Thornton, as by this added clause of the will. So that the adding of this clause in no way changed the provisions of the will as originally drafted, and there was really no occasion for adding it, although the testator had forgotten in item 3 to again make the same provision for the heirs of his daughter Mrs. Thornton, in the college stock, that he had already made in items 1 and 2. To introduce this clause into item 3 would in no way change the interest given the parties therein in any property other than such stock, and the interest given the widow in such property by item 3 of the will remained as before, and, this being one-third thereof,

we think the court erred in holding that she was enti-
tled only to one-fourth thereof. This, however, is a
harmless error, as it seems from the agreed statement
of facts that the testator after satisfying the specific
legacies left no property of this class for division, and
the decree is confined solely to the disposition to be
made of the property included within the other classes,
to wit the cash assets and the real estate.

II. Any contingent remainder of the widow in the
estate last mentioned that may have been contemplated
by the testator in case she had survived all his children,
having been defeated by her death before the contin-
gency happened upon which such estate depended
(*Maguire v. Moore*, 108 Mo. 267), the only doubt as to
the extent of the provision made for her out of the net
income of those estates grows out of the change in the
original will made by codicil 1. That codicil purported to
change only "the bequest in item number 1" and not the
devise in "item 4;" and although he uses the term "my
estate" in the codicil, which would be broad enough to
include the income of the real estate devised in item 4,
yet in view of the fact that he used the same term to
characterize the estate bequeathed in item 1, and
expressed the intention to change only the particular
bequest contained in that item, we think the court
committed no error in confining the operation of the
codicil to that item, and in holding that the widow
took for life "one-third of the net income of the
testator's personal property, consisting of notes and
outstanding accounts, cash and stock of the Mis-
souri Medical College" under the first item of the
will and said codicil and "one-fifth of the net income
of all the testator's real estate" under the fourth
item. And, as the decree, so far as her interest in
the testator's property is concerned, was in accord-

ance with such holding, we find no reversible error therein, and the judgment is affirmed. All concur, except BARCLAY, J., absent.