BOYER v. AUSTIN, *Plaintiff in Error.*

**Vendor's Lien, Waived by Taking Independent Security.**
Where the vendor of land conveys the title and takes as security
for the purchase money the obligations of a third party, in the ab-
sence of any agreement to the contrary, he will be deemed to have
waived his vendor's lien, and it does not matter that the securities
so taken are worthless.

*Error to Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

*Philips & Jackson* for plaintiff in error.

*F. P. Wright* and *M. A. Fyke* for defendant in error.

HENRY, J.—This suit is to recover of defendant $3,570
and interest on a promissory note executed by defendant
to plaintiff, and to enforce a vendor's lien for the amount
against certain land in Henry county purchased by defend-
ant of plaintiff, the note in suit having been given for part
of the purchase money. Plaintiff conveyed the land to
defendant by a general warranty deed, and took from him
as collateral security, four $1,000 bonds of the Hudson &
St. Lawrence Railroad Company, payable at the office of
the company in New York City, on January 1st 1893, with
seven per cent interest from January 1st, 1873. The sub-
ject of a vendor's lien was not mentioned between the par-
ties. Plaintiff testified that about two months after he
received the bonds, he asked Tyler, cashier of a bank at
Clinton, Missouri, about the bonds, and was informed by
him that they were worthless, but that plaintiff had never
made an effort to collect the interest due on them, and had
never by letter, or otherwise, made inquiry in New York
to ascertain their character. Defendant offered to show
that he had conveyed the land in question, by deed, as
security for a sum of money borrowed by him, and that
the land was sold under the deed of trust, and purchased

6—75

by Salmon & Salmon, of Henry county, Missouri. The court sustained an objection to this testimony, and this was all that was offered by defendant. Plaintiff had a judgment, as prayed in his petition, and defendant has brought the cause here on writ of error.

In *Emison v. Whittlesey*, 55 Mo. 258, it was held, that when the vendor of land conveys the title and takes any distinct and independent security, whether by mortgage of other land, or pledge of goods, or personal responsibility of a third person, and also when a security is taken upon the land either for the whole or a part of the unpaid purchase money, the lien will be considered as waived, unless there is an express agreement that the implied lien shall be retained. By taking the bonds of the railroad company as collateral security for the unpaid purchase money, the plaintiff, not having expressly reserved the lien, is to be considered as having waived it. Conceding that the bonds were worthless, because of the insolvency of the company which issued them, does that fact revive the lien, or operate to overcome the legal inference that the lien was waived by acceptance of the bonds? Suppose, instead of these bonds a promissory note of a third party had been assigned as collateral security, would the mere fact that the maker of the note was insolvent when it was assigned, have the effect of overcoming the legal presumption that this lien was waived? Fraudulent representations with respect to the bonds, are charged against the defendant, but they are denied by the answer, and not proven by the testimony.

The evidence of the worthlessness of the bonds is of the flimsiest character, and, if objected to, should have been excluded by the court as hearsay. Plaintiff was permitted to testify, that the cashier of a bank at Clinton, Missouri, told him that these bonds, issued by a railroad company in the state of New York, and made payable in the City of New York, were worthless. Plaintiff has had possession of the bonds since 1877, and from his own testimony, has made no effort to collect any money on them,

or by correspondence, or otherwise to make inquiry, in the City of New York, where they are payable, as to the solvency of the company, or the validity of the bonds.

As, for the foregoing reasons, the judgment will be reversed, it is unnecessary to notice other alleged errors. Reversed and remanded. All concur.