BRISCOE, *Plaintiff in Error,* v. CALLAHAN.

1. **Vendor's Lien**: WAIVER BY TAKING OTHER SECURITY. When a mortgage or deed of trust is taken on the land conveyed for a part of the unpaid purchase money, the vendor's lien for the remainder of such unpaid purchase money is thereby waived, unless it is expressly stated in such mortgage or deed of trust that the lien is not waived.

2. **Promise of Third Person to pay Debt of Another.** The simple acceptance, by suit or otherwise, by a third person of a promise made to pay a debt due such third person from another, will not operate to release such other person from liability to such third person on account of such debt. To extinguish the obligation of the original debtor, it must appear that the subsequent obligation was accepted in lieu of his; otherwise the second obligation will be regarded only as collateral and additional to the first.

*Appeal from Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

AFFIRMED.

*Wallace & Chiles* for plaintiff in error.

*Alex. Graves* and *A. F. Alexander* for defendants in error Susan M. and A. F. Alexander.

HOUGH, C. J.—The petition in this case states, in substance, that on October 15th, 1870, Jane Briscoe conveyed by deed of trust to A. F. Alexander, as trustee, lots 5 and 6 in block 15, in the city of Lexington, to secure the payment of a note for $500, made by Briscoe Gaines to Susan M. Alexander, who was named as the beneficiary in said deed. On March 28th, 1871, Jane Briscoe conveyed to Theresa Callahan, wife of Dennis Callahan, for her sole and separate use, lot 5 above described, for the sum of $2,000, $1,000 of which was paid in cash, $500 was secured by a note of Theresa and Dennis Callahan at twelve months and a deed of trust on lot 5 aforesaid to William C. Chiles, as trustee, and in satisfaction of the remainder of said

purchase money, said Theresa and Dennis Callahan agreed by the terms of the deed of March 28th, 1871, from the plaintiff to Theresa Callahan, as well as by their parol undertaking, to pay to Susan M. Alexander the amount of the note of Briscoe Gaines, held by her, together with interest thereon.   The plaintiff indorsed the note of Theresa and Dennis Callahan, for $500 to Briscoe Gaines, and Susan M. Alexander purchased the same from him, and upon default in the payment thereof, she caused said lot 5 to be sold under the deed of trust given by said Theresa and Dennis Callahan, and on February 5th, 1877, purchased the same at and for the sum of $100, and received a deed therefor from said Chiles, trustee, and took possession thereof.   Theresa and Dennis Callahan became insolvent, and left the State without paying the debt due Susan M. Alexander from Briscoe Gaines, assumed by them.

The plaintiff claims that Susan M. Alexander holds said lot 5 so purchased by her under the deed of trust given to the plaintiff, subject to a vendor's lien in favor of said plaintiff for the $500 which Theresa and Dennis Callahan promised to pay to extinguish the debt due from Briscoe Gaines to Susan M. Alexander; or, if not, then that the purchase by said Susan of said lot 5, under the trust deed of Theresa and Dennis Callahan, was an acceptance of the promise of said Theresa and Dennis to pay the debt due her from Briscoe Gaines, and that such acceptance operated to extinguish the mortgage of the plaintiff to Alexander to secure said debt.

The circuit court sustained a demurrer to this petition and final judgment was entered thereon in favor of the defendants.

It is the doctrine of this court that when a mortgage or deed of trust is taken, on the land conveyed, for a part of the unpaid purchase money, the vendor's lien for the remainder of such unpaid purchase money, is thereby waived, unless it is expressly stated in such mortgage or deed of trust, that such lien is not waived.   *Emison v. Whit-*

*tlesey,* 55 Mo. 254. No such statement is alleged to be in the trust deed executed by Theresa and Dennis Callahan, and it is, therefore, unnecessary to further consider the first claim made by the appellant.

As to the second claim set up in the petition, it is only necessary to say that we know of no authority which holds that the simple acceptance by suit or otherwise, by a third person of a promise made to pay a debt due such third person from another, will operate to release such other person from all liability to such third person on account of such debt. To extinguish the obligation of the original debtor, it must appear that the subsequent obligation was accepted in lieu thereof, otherwise the second obligation will be regarded only as collateral and additional to the first.

We are all of opinion that the demurrer to the petition was properly sustained, and the judgment of the circuit court will be affirmed.