ROGERS *et al.* v. TUCKER *et al.*, *Appellants.*

1. **Vendor and Vendee**: DEED OF TRUST TO SECURE PURCHASE MONEY: PRIORITY. A deed of trust given a vendor of land to secure the balance of the purchase money, executed and recorded on the same day with the deed to the vendee, takes precedence of a deed of trust on the land given on the same day by the vendee to a third person to secure the money to make the cash payment to the vendor, although the latter deed was recorded three hours before the vendor's deed, and all the parties were conversant with the different transactions and the purposes for which they were made.

2. **Practice**: PARTIES, DEFECT OF: WAIVER. Where the plaintiff, in an action to have a deed of trust given him declared a prior lien, died pending suit, there should have been a revival in the name of his administrator. But where the amended petition sets out the death of the original plaintiff, and alleges that the plaintiffs therein are his only heirs-at-law, and no objection is made by demurrer on the ground of defect of parties plaintiff, the defect is thereby waived.

3. ———: PARTIES. In an action to have a deed of trust declared a prior lien, the trustee is not a necessary party.

*Appeal from Perry Circuit Court.*—HON. JAMES D. Fox, Judge.

AFFIRMED.

*John V. Noell* and *Charles A. Killian* for appel-
lants.

( 1 ) The trustee in a deed of trust as the holder of
the legal title is an indispensably necessary party to a
suit, materially affecting such title. Story's Eq. Plead.
(3 Ed.) secs. 200, 201 and 207 ; Barbour on Parties (1 Ed.)
529 and 530 ; Perry on Trusts (1 Ed.) sec. 873 ; Bliss on
Code Pleading (1 Ed.) sec. 58 ; *Erisman v.·Erisman,*
59 Mo. 367 ; *Seimers v. Kleeburg,* 56 Mo. 196 ; *Seimers
v. Schrader,* 88 Mo. 20 ; *Gardner v. Austin,* 31 Mo. 535 ;
*Gibbons v. Gentry,* 20 Mo. 458. (2) The *cestui que trust*
being interested in the security for his debt, is a proper
party in a suit affecting his security ; his interest, how-
ever, is only in the mortgage money which belongs to his
personal assets, and in the event of his death, his execu-
tor or administrator, and not his heirs-at-law, should be
substituted in his stead as parties to the suit. Story's
Equity Pleadings (3 Ed.) sec. 200 ; R. S., 1879, secs.
3928 and 3301. (3) A proper party plaintiff cannot be
made a defendant without sufficient reason being assigned
therefor in the petition. R. S., 1879, sec. 3466. (4) Where
one who is a necessary party to the suit appears upon
the petition to be a party, but in reality is not a party,
the proper mode of taking advantage of the defect is by
answer. Bliss on Code Pleading (1 Ed.) sec. 411. (5) The
burden of proof is upon the plaintiffs to show a cause of
action resting in themselves and against the defendant,
and while ordinarily a failure to object by demurrer to
a defect of parties constitutes a waiver of such objection,
yet where the plaintiffs neither allège nor prove any
cause of action in themselves and against the defendant,

they cannot recover, although the evidence might show a cause of action resting in somebody else. *Chandler v. Bailey*, 89 Mo. 641. (6) Where equities are equal the doctrine, prior in time stronger in right, applies. 2 Pomeroy's Equity (1 Ed.) secs. 718 and 719. (7) Between a mortgage or deed of trust given to a vendor to secure an unpaid balance of purchase money, and one at the same time with the knowledge of the vendor, given to a third party to secure a part payment of the purchase price made by such third party, the equities are equal. 2 Pomeroy's Equity (1 Ed.) sec. 725, and notes; *Beebe v. Austin*, 15 Johns. 477; *Haywood v. Nooney*, 3 Barb. 642; *Adams v. Hill*, 9 Fost. 202; *Curtis v. Root*, 20 Ill. 53. (8) When two mortgages or deeds of trust are executed at the same time to secure the payment of two notes maturing at different times, that is the prior lien which secures the payment of the note first falling due. *Isett v. Lucas*, 17 Iowa, 503; *Mitchell v. Ladew*, 36 Mo. 526; *Hurck v. Erskine*, 45 Mo. 484. (9) Where one party to a contract or cause of action in issue and on trial is dead, the other party should not be permitted to testify in his own favor. *Chapman v. Dougherty*, 87 Mo. 617. (10) The taking of a note secured by deed of trust on the land conveyed, to secure the balance of the purchase money, is a waiver of the vendor's lien. *Emison v. Whittlesey*, 55 Mo. 254; *Davenport v. Murry*, 68 Mo. 198; 1 Hilliard on Mortgages (3 Ed.) 699.

*J. Perry Johnston* for respondents.

(1) The fact that our statute provides that the trustee of an express trust may sue in his own name does not, in any way, negative the right of the *cestui que trust* to bring suit in his own name. *Rogers v. Gosnell*, 51 Mo. 466; *Bank v. Benoist*, 10 Mo. 519; *Meyers v. Lowell*, 44 Mo. 328; *Hanagan v. Hutchinson*, 47 Mo. 237. (2) The objection that the trustee should have been

made a party should have been raised by demurrer. It is·too late to make it on answer. *State to use v. Sappington*, 68 Mo. 454; *Russell v. DeFrance*, 39 Mo. 506;. *Walker v. Deaver*, 79 Mo. 672; *Railroad v. Anthony*, 73 Mo. 431; *State ex rel. v. True*, 20 Mo. App. 176. (3) No demurrer was made to the petition on account of defect of parties, and no such point was made in the answer and if ever good it has been waived. *Gimbal v. Pignero*, 62 Mo. 240; *Dunn v. Railroad*, 68 Mo. 269; *Butler v. Lawson*, 72 Mo. 247. (4) The trustee was not a necessary party. *Rogers v. Gosnel*, 51 Mo. 466. (5) The· debt of Rogers, secured by deed of trust to Picou, was for the purchase money; that of Tucker, secured by deed to Carter Sumpter, for money loaned; and the fact· that he took a deed of trust from Mrs. Van Eckhoute, and no security from Rogers, shows that he made the· loan to Mrs. Van Eckhoute, and his lien would be deferred to that of Rogers. *Cox v. Carson*, 3 Head. [Tenn.] 607. (6) The recording of the deed of trust given to· secure Tucker's loan before the recording of that given to secure Rogers' does not give Tucker any priority or advantage, if at the time of recording his deed he knew of the existence of the other and prior deed. *Maybee v. Moore*, 90 Mo. 340; *Miller v. Chittenden*, 2 Iowa, 315; *Blain v. Stewart*, 2 Iowa, 378.

BLACK, J.—This was a suit for equitable relief. The facts were these: William C. Rogers, by his deed, dated the second of February, 1877, conveyed to Mrs. Eckhoute certain land in this state. The deed was not delivered until the twenty-eighth day of that month. She then paid in cash one thousand dollars, and executed her notes, maturing at different dates, the last on first of September, 1881, payable to Rogers for the deferred payments, and secured the same by a deed of trust on the land, except ten acres, omitted by design. On the· twenty-eighth of February, 1877, Mrs. Eckhoute sold

the ten acres to the defendant, Tucker, for three hundred and fifty dollars, and at the same time borrowed of him six hundred and fifty dollars, and gave her note therefor due in one year, secured by deed of trust on the Rogers land. The money thus borrowed and the money received by her for the ten acres was paid to Rogers and constituted the cash payment made by Mrs. Eckhoute for the land. Both deeds of trust were recorded on the day they were executed, namely, the twenty-eighth of February, 1877. The deed of trust for the benefit of Tucker was recorded first by about three hours. Tucker caused the land to be sold under his deed of trust in 1878, and he became the purchaser. Rogers then brought this suit to have his deed of trust declared the first lien. The court made a decree to that effect, and Tucker appealed.

Tucker, in his answer, sets up an agreement with Rogers to the effect that he was to have the first and prior lien, but the assertion is without a particle of evidence to support it, and that issue is, therefore, out of the case. Rogers, Tucker, and Mrs. Eckhoute were all present at her house when the deeds and deeds of trust were delivered. They were delivered at the same time, namely, the twenty-eighth of February, 1877, the day on which both deeds of trust were recorded. The parties were all conversant with the different transactions and the purposes for which they were being made ; and the question is, whether the Rogers deed of trust has priority over that given to Tucker.

It has been held that the vendor, by making a conveyance, and at the same time taking back a mortgage on the same property for a part of the purchase money, does not lose his vendor's lien ; that it simply becomes merged in the mortgage, but not lost. *Morris v. Pate*, 31 Mo. 315; *Linville v. Savage*, 58 Mo. 254. Again, it has been said in general terms, that taking a mortgage on the land sold for the purchase money waives the ven-

dor's lien. *Brisco v. Callahan*, 77 Mo. 134; *Orrick v. Durham*, 79 Mo. 177. The lien is doubtless waived, there being no express reservation of it, in the sense that it is not available as a basis for relief independent of the mortgage, for the mortgage is the higher security; but the mortgage is ordinarily taken back for the very purpose of securing the vendor's priority for the purchase money, and putting it out of the power of the vendee to destroy or cut off the priority by conveyance and otherwise. But however all this may be, it is but common legal learning that a mortgage for the purchase money, executed simultaneously with the deed to the purchaser, takes precedence and priority over liens arising through the mortgage. Jones on Mort., secs. 464-5-6; 2 Pom. Eq. Jur., sec. 725. The author last cited goes on to say, "the same equitable rule applies in like manner to a mortgage given by the grantee to a third person, as a security for money loaned for the purpose of being used, and which is actually used, in paying the purchase price." 2 Pom., *supra.*

But it does not follow that the equity of the third person is equal to that of the vendor for the amount due to him. The vendor's equity would seem to be intrinsically superior to that of the third person. He has a right to dictate how much shall be paid in cash, to the end that the deferred payments shall stand fully secured. We know of no principle of law which requires him to divide the security with one who sees fit to loan the vendee the money to make the cash payment. The mere fact that he knew that the third person made the loan for the purpose of making the cash payment does not amount to a waiver of the priority which his mortgage for the purchase money gives him. In *City National Bank Appeal*, 91 Pa. St. 163, H., by articles of agreement, sold the land to N. Before the latter had fully paid for the land, N. sold to P. and W. H. then conveyed directly to P. and W., and took from them a

mortgage to secure the balance due by N. on the land. N., at the same time, took from P. and W. a mortgage to secure the remainder which they had agreed to pay him. The deed and mortgages were executed and recorded on the same day, and it was held that the mortgage to H. was entitled to the preference. So, in *Turk v. Funk*, 68 Mo. 18, it was, in substance, held, that a mortgage given to the vendor for part of the purchase money, and recorded on the same day with the deed to the vendee, had priority over a mortgage previously given by the vendee to a person who furnished the money to make the cash payment. It seems clear, both on principle and authority, that the Rogers deed of trust has the precedence over that given to Tucker, and so we rule.

After this suit had been commenced, the plaintiff, William C. Rogers, died, and his heirs were substituted as plaintiffs. It is now insisted by defendant that the suit should be prosecuted by the administrator. Rogers died a resident of the state of Illinois, and it does not appear whether there was an administrator in that or this state. The cause should have been revived in the name of an administrator; but the amended petition sets out the death of Rogers, and that the present plaintiffs are his only heirs-at-law. No objections were made on the ground of a defect of parties by demurrer; and the defect, appearing on the face of the petition, was waived by failing to demur. Indeed, no such objection is made in the answer, or in the motion for a new trial.

A complaint is made that the trustee in the Rogers deed of trust was not made a party plaintiff. These trustees in deeds of trust to secure debt generally have no duties to perform save to sell the property in case of default in the payment of the debt. It is not claimed or shown that Picou, the trustee in the Rogers deed of trust, had or possessed any other power than that of

making sale in case of default.   He was not the proper party to foreclose by suit· the deed of trust.   In suits brought to foreclose the state's lien for taxes, it is not sufficient to make such a trustee a defendant.   The holder of the secured debt must be made a defendant, otherwise the deed of trust is not foreclosed, and this because the holder of the secured debt is the real party in interest.   *Stafford v. Fizer*, 82 Mo. 388 ; *Bank v. Grewe*, 84 Mo. 478.  This is but a suit to have the Rogers deed of trust declared a prior lien, and we can see no reason for making the trustee a party to the suit.   He was not a necessary party.

The judgment is affirmed. , Ray, J., absent.  Norton, C. J., dissents.   The other judges concur.