SALLIE PALMER SPENCE, Appellant, v. JARED P. PALMER AND ELIJAH E. PALMER, Respondents.

Kansas City Court of Appeals, December 4, 1905.

1. **VENDOR'S LIEN: Note of Third Party: Waiver: Fraud: Evidence.** If the vendor takes an independent security, such as the note of a third party, his lien for the purchase money is thereby waived in the absence of fraud, which the evidence in this case does not sustain.

2. ——: ——: ——: **Variance.** A discrepancy between the petition and the evidence is immaterial in this case since in either event the vendor's lien was waived.

3. ——: ——: ——: ——: **Fraud: Acquiescence.** The considerations frequently arising in sales between persons sustaining fiduciary relations do not obtain in this case, since there is no question as to the fairness of the price and the plaintiff's long acquiescence in the transaction.

Appeal from Callaway Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*John L. RoBards* and *David H. Harris* for appellant.

(1) The blood, confidential and fiduciary relations between the uncle, Jared Palmer, and his inexperienced young niece, Sallie Palmer, on February 26, 1881, required of him the utmost good faith, yet on that day he obtained her deed to the land described in plaintiff's petition, with the consideration $965, therein acknowledged received, and had the deed instantly recorded without payment of one cent of the price. That act constituted Jared Palmer vendee for the actual payment of the entire price, and charged the land in equity with a lien in favor of the vendor, wholly independent of any possession on her part, until the full payment thereof. Absolute dominion of the property is not acquired until paid for. Story Eq. Jur., 788, 789, 1217, 1218, 1219, 1220, 1224, 1225, 1226; Garson v. Green, 1 John Chan. 308-9; Lippold v. Held, 58 Mo. 213; Thomas v. Bridges, 73 Mo. 530; Bennett v. Shipley, 82 Mo. 448; Devore v. Devore, 138 Mo. 181; Simily v. Adams, 88 Mo. App. 621; Johnson v. Burks, 103 Mo. App. 221; Dickason v. Fisher, 137 Mo. 342-58; Sprague v. Cochran, 144 N. Y. 104. (2) The transaction next day wherein the uncle vendee trustee, used a note of $261.50, signed by himself and a note of $638.50, signed under his authority by his defaulted

debtor and minor nephew, Elijah Palmer, and made payable to his younger sister, Sallie Palmer, vendor, due one day after its date of February 27, 1881, towards payment for her land, was not payment or satisfaction of the debt due by Jared Palmer, vendee trustee therefor. The validity of the purchase debt was maintained, and the equitable potency of a vendor's lien on the land was preserved *pro tanto,* by payments unimpaired, on the renewal note of $634. Daniel, Neg. Instr., sec. 1245; 2 Greenl. Evi., sec. 60; Stornberger v. Lee, 45 Am. Rep. 106; Kemble v. Logan, 79 Mo. App. 253; Bishop v. Seal, 87 Mo. App. 256; Sharp v. Knox, 48 Mo. App. 169; Werth v. Ollis, 61 Mo. App. 401; Regan v. Williams, 88 Mo. App. 577; Berkshire v. Hoover, 92 Mo. App. 349; Craig v. Callaway Co., 12 Mo. 94; Johnson v. Scott, 34 Mo. 129-33; Block v. Dorman, 51 Mo. 31; Pratt v. Eaton, 65 Mo. 157; Bennett v. McCause, 65 Mo. 194; Leabo v. Goode, 67 Mo. 126; Hull v. Jones, 69 Mo. 587; Sloan v. Campbell, 71 Mo. 387; Hunt v. Marsh, 80 Mo. 396; Johnson v. Bank, 116 Mo. 558; Maddox v. Duncan, 143 Mo. 613; Cordova v. Hood, 84 U. S. 1; Pom. Eq. Jurisp., secs. 1250, 1252; Croft v. Perkins, 174 Ills. 627; Knight v. Knight, 113 Ala. 597; Bradley v. Bosley, 1 Barb. Chan. N. Y. 125. (3) The defense of the statute of limitation by the vendee trustee, Jared Palmer, cannot be available to him in bar of plaintiff's equitable action. R. S. 1889, sec. 6767; Railway v. Lindell, 142 Mo. 61. There is no evidence to show when Jared Palmer first began to assert an adverse possession, etc. Manning v. Coal Co., 181 Mo. 359; Musick v. Barney, 49 Mo. 458; DeBarnadi v. McElroy, 110 Mo. 650.

*A. Finley* for respondent.

(1) The vendor's lien will be considered as waived whenever any distinct and independent security is taken, as the personal responsibility of a third person, unless there is an express agreement that the implied lien shall

be retained. Winn v. Lippencott Installment Co., 125 Mo. 544; Christy v. McKee, 94 Mo. 250; Boyer v. Austin, 75 Mo. 81-2; Emerson v. Whitlesey, 55 Mo. 259-290; Adams v. Buchanan, 49 Mo. 67; Durette v. Briggs, 47 Mo. 362; Sulivan v. Ferguson, 40 Mo. 90; Delassus v. Poston, 19 Mo. 429; Partridge v. Logan, 3 Mo. App. 520; Stevens v. Rainwater, 4 Mo. App. 298; Shelley v. Estes, 83 Mo. App. 317. (2) Under the doctrine laid down in the 19 Mo. 429, the vendor's lien is waived whenever any security is taken upon the land, or otherwise, for the whole or any part of the purchase money. So when plaintiff accepted the note of her brother, Elijah E. Palmer, she thereby waived any lien that might have been given her by the note of the defendant, Jared P. Palmer.

ELLISON, J.—Plaintiff's maiden name was Sallie Palmer. She and her brothers each inherited from her maternal grandfather a one-sixth interest in four hundred acres of land in Callaway county. In the month of February, 1881, she sold her interest in the land to her uncle, Jared Palmer, one of defendants, for $965. Of this sum she was paid $326.50 in money and the note of her brother, Elijah Palmer, the other defendant, for $638.50. Some small payments were made by her brother on that note slightly exceeding the interest, and then, in June, 1886, he executed to her husband (whom she in the meantime had married) a new note for $634, with eight per cent from date. Payments amounting to $175 were made by the brother on this note, but the balance with interest has not been paid. The husband assigned it to plaintiff, and she instituted the present action thereon on January 26, 1903, and seeks to enforce a vendor's lien against the land. The judgment in the trial court was for the defendant Jared and against defendant Elijah. Plaintiff appealed.

It appears that, at the time of the sale of the land, plaintiff's mother was dead and she and her brother

Elijah lived in the country with her uncle Jared, though her father lived near by. Her father again married and plaintiff went to his home. Her uncle had bought the interest of her two brothers in the land and, when he bought of her, she was nineteen years of age, one year past her majority. The price at which she sold was more than was paid to her brothers. No suggestion is made of inadequacy of price. The evidence shows that, when plaintiff's brother gave her his note, he was solvent and that the reason he gave the note was that he owed as much as the amount of it to his uncle Jared, the latter surrendering his claim to him. The evidence in defendant's behalf was that plaintiff preferred to have her money at interest.

The petition alleges the sale to defendant Jared and a conveyance to him by warranty deed. It then alleges that the sale was for cash, but that Jared had the deed recorded without paying anything. But that "afterwards," he paid $326.50 on the purchase money. That plaintiff's brother Elijah was indebted to Jared and unable to pay him. That Elijah, at the request of Jared, executed his note to plaintiff for the balance of the purchase money, $638.50, dated February 27, 1881, payable one day after date. That Elijah delivered this note to Jared and the latter, "then and there artfully handed it to plaintiff, and fraudulently and falsely represented to her that the note was good and would be paid; that plaintiff protested that the sale of her land was for cash money and did not willingly receive said note; that said Jared was a creditor of Elijah and knew that Elijah was in embarrassed insolvent circumstances and unable to pay his debt."

The evidence does not sustain the allegations of fraud. Besides, plaintiff's own conduct is not consistent with her charge. She sold the land and accepted her brother's note for unpaid purchase money in 1881. Five years afterwards, she, being then married, had her brother give a new note to her husband. This note she

kept until 1903, when this action was instituted, being twenty-two years after her sale. After her father remarried and before she herself married, she lived again with him. She had him and her husband to advise with and there seems to be no good reason for the charge of fraud or undue advantage. If we concede that her uncle "artfully handed" her the note, and that she "protested that the sale of her land was for cash money and did not willingly receive it," she nevertheless accepted it and afterwards her husband took a renewal, as before stated; and we are compelled to say that, if binding acquiescence can be had, it exists in this case. It is true that plaintiff testified that she frequently spoke to her uncle about her brother's failure to pay her and that he replied expressing the belief that he would. But this does not relieve her of responsibility for her conduct, either in law or equity.

The case then is this: Plaintiff sold her land, received a part of the purchase money and took the note of a third party for the remainder, which remains unpaid. Has she a vendor's lien? The rule is that, if the vendor takes an independent security, even the note of a third party, it is a waiver of his lien for the purchase money. [Delassus v. Poston, 19 Mo. 425; Emison v. Whittlesey, 55 Mo. 254.] This rule was recently stated and affirmed by the Supreme Court in an opinion by Judge GANTT in Winn v. Lippincott Inves't Co., 125 Mo. 528, 543. We must therefore hold that plaintiff made no case against the defendant Jared.

There is a discrepancy between the allegations of the petition and the evidence in plaintiff's behalf. As before stated, the petition alleges that the land was sold for $965, and that defendant Jared paid plaintiff $326.50 and gave her her brother's note for the balance. The evidence introduced by her was to the effect that instead of paying her $326.50, he gave her his note, which he afterwards paid off. But it makes no difference how

it may really have been, since, taking it either way, the vendor's lien for the part of purchase money represented by defendant Elijah's note was waived.

Plaintiff puts stress upon the relation between herself and her uncle. It is true that at the time of the sale, plaintiff was but one year beyond her majority, and that she looked upon her uncle with great confidence and affection. But the considerations frequently arising in contracts, or sales between persons in such situation, do not obtain here. There is no question of fairness of price and the evidence and circumstances in the case leave no doubt that she has not been imposed upon save by her brother in refusing to pay her the note; that she voluntarily took the note and collected interest thereon of her brother; that she and her husband had it renewed and made collections thereon is shown by the evidence in her own behalf; and that she and her husband have acquiesced in the arrangement made for a long series of years is made manifest by the record. There is no room for any other consideration for plaintiff except sympathy for her in her failure to collect from her brother.

The judgment should be affirmed. All concur.